# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

CURTIS E. MOORE                                                          MOVANT

v.                                                                  No. 1:03CR34-M

UNITED STATES OF AMERICA                                             RESPONDENT

## MEMORANDUM OPINION

This matter comes before the court on *pro se* prisoner motion [140] to vacate, set aside, or correct his sentence, as well as his supplement [142] to that motion. The government has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the instant motion shall be denied as untimely filed.

### Facts and Procedural Posture

On March 20, 2003, the federal grand jury for the Northern District of Mississippi returned a five-count Indictment naming Curtis Moore and others as defendants. Count One of the Indictment charged that Curtis Moore knowingly and intentionally distributed in excess of 5 grams of crack cocaine on September 16, 2002. Count Two charged that Curtis Moore and Armond Moore, aided and abetted each in the distribution of in excess of 50 grams of crack cocaine on November 5, 2002. Counts Three and Four charged that Curtis Moore, Armond Moore, and Jimmy Moore, aided and abetted each other in the distribution of in excess of 5 grams of crack cocaine and powder cocaine on December 4, 2002. Count Five charged Curtis Moore, Jimmy Moore and Van Jones with distributing in excess of 50 grams of crack cocaine on February 26, 2003.

On December 8, 2003, Moore, represented by counsel, appeared before the court for trial on the matter. A jury was selected and empaneled, and trial began the same day. On December

10, 2003, after the presentation of evidence and argument by counsel, the jury returned guilty

verdicts on Curtis Moore as to Counts One, Two, Three and Four. The jury acquitted Curtis

Moore as to Count Five. On April 1, 2004, Moore, represented by counsel, appeared before the

court for sentencing. The court sentenced Moore under the Federal Sentencing Guidelines to 151

months in a federal penitentiary on each of the four charges – with each sentence to run

concurrently with the others.

Moore appealed his convictions to the Fifth Circuit Court of Appeals. On appeal, Moore

challenged a guideline enhancement for his role in the offense. He also challenged the

sufficiency of the evidence with regard to Counts Three and Four of the Indictment. Finally,

Moore challenged the sentence imposed based on the decision in *Blakely v. Washington*, 542

U.S. 296 (2004). The Fifth Circuit rejected the grounds for appeal and affirmed the conviction

and sentence. *United States v. Moore*, 134 Fed. Appx. 655 (5th Cir. 2005)(not reported).

Moore then filed a petition for a writ of *certiorari* with the United States Supreme Court

in cause number 05-6051. The Supreme Court denied the writ October 3, 2005. *United States v.*

*Moore*, 546 U.S. 924 (2005). Moore then filed a petition for rehearing with the Supreme Court

in cause number 05-7480. The petition for rehearing was denied December 12, 2005. *United*

*States v. Moore*, 546 U.S. 1079 (2005)(*rehearing denied United States v. Moore*, 547 U.S. 1037

(2006)). Moore filed the instant motion to vacate, set aside, or correct his sentence by placing it

into the prison mail system on January 31, 2007.

**Pending Motions**

As an initial matter, the court shall rule upon the various motions currently pending in

this case. Curtis E. Moore's motion [141] to proceed *in forma pauperis* is hereby granted. His

motion [142] to supplement his § 2255 motion shall also be granted, and the court has considered

the supplement. Moore's motion [148] for default shall, however, be denied, as the government

has responded to the § 2255 motion, and the court has accepted the response.

## One-Year Limitations Period

A defendant convicted of a felony in federal court faces a one-year limitations period –

from the date his conviction becomes final – to seek relief through a motion to vacate, set aside,

or correct his sentence. 28 U.S.C. § 2255(f). Where, as here, the defendant seeks review in the

United States Supreme Court, his federal conviction becomes final for the purposes of 28 U.S.C.

§ 2255 either on the date the Court denies certiorari review or affirms his conviction. *United*

*States v. Thomas*, 203 F.3d 350 (5th Cir. 2000). The United States Supreme Court denied

Moore's *certiorari* petition December 12, 2005. Although Moore requested rehearing of his

petition, such a motion does not suspend the operation of an order denying *certiorari* review.

> Whenever the Court denies a petition for writ of certiorari, the Clerk will prepare,
> sign, and enter an order to that effect and will notify forthwith counsel of record
> and the court whose judgment was sought to be reviewed. The order of denial
> will not be suspended pending disposition of a petition for rehearing except by
> order of the Court or a Justice.

SUP.CT. R. 16.3. Thus, Moore's deadline to file his motion for relief under 28 U.S.C. § 2255

expired on December 12, 2006 – one year after the Supreme Court denied his petition for a writ

of *certiorari*. Moore placed the instant motion for relief under 28 U.S.C. § 2255 in the prison

mail on January 31, 2007, fifty days after that deadline expired. As Moore has not argued that he

was actively misled by the government or was prevented in some extraordinary way from

asserting his rights, he cannot enjoy equitable tolling. *Rashidi v. Am. President Airlines*, 96 F.3d

124, 128 (5th Cir. 1996). Certainly nothing in the record suggests such interference.

Moore also uses the phrase "actual innocence" in his supplement to the instant § 2255 motion. However, his argument is not that he is actually innocent, but, instead, that the following arguments show that his conviction violated the Constitution: (1) his belief that scientists cannot distinguish between crack cocaine and powder cocaine (and, indeed, that crack cocaine and powder cocaine are the same substance); (2) the policy of penalizing crack cocaine offenses more severely than powder cocaine offenses is unconstitutional; (3) the evidence adduced against him at trial was insufficient to sustain his conviction; and (4) that his attorney was ineffective for failing to sway the jury with the previous three points. None of these arguments can assist him in overcoming the § 2255 limitations period. Mere attorney error or neglect is insufficient to invoke equitable tolling of the § 2255 limitations period. *Cousin v. Lensing,* 310 F.3d 843 (5th Cir.2002). In addition, a defendant's protestations of actual innocence are not relevant to the determination of the timeliness of a § 2255 motion. *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir.2000). As such, Moore is not entitled to equitable tolling, and the instant motion for relief under 28 U.S.C. § 2255 shall be dismissed as untimely filed. A final judgment consistent with this memorandum opinion shall issue today.

       **SO ORDERED,** this the 11th day of June, 2008.

       /s/ Michael P. Mills
       CHIEF JUDGE
       UNITED STATES DISTRICT COURT
       NORTHERN DISTRICT OF MISSISSIPPI